```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
CHRISTIAN KILLORAN,
on behalf of his son,
AIDEN KILLORAN,

                    Plaintiff,           MEMORANDUM & ORDER
                                         22-CV-01951 (JS)(LGD)
     -against-

WESTHAMPTON BEACH SCHOOL
DISTRICT and MARY ANNE AMBROSINI,
as DIRECTOR OF PUPIL PERSONNEL,

                    Defendants.
----------------------------------x
For Plaintiff:      Christian Killoran, Esq., Pro Se
                    Killoran Law PC
                    132-13 Main Street
                    Westhampton Beach, New York 11978

For Defendants:     Anne C. Leahey, Esq.
                    Anne Leahey Law, LLC
                    17 Dumplin Hill Lane
                    Huntington, New York 11743
```

SEYBERT, District Judge:

Pro Se plaintiff Christian Killoran, on behalf of his son, Aiden Killoran ("A.K."), a child with Down Syndrome, commenced this action against defendants Westhampton Beach School District (the "District") and MaryAnn Ambrosini ("Dr. Ambrosini"),[1] as the Director of Pupil Personnel Services, (collectively, the "Defendants"). Plaintiff's Complaint purports to allege a

---

[1] Defendants' motion papers note that Dr. Ambrosini's name is spelled incorrectly in the caption of this case and that her title is "Director of Pupil Personnel Services," not "Director of Pupil Personnel" as designated in the caption. (Support Memo, ECF No. 7-1, at ECF p.6 n.1.)

1

constitutional claim pursuant to 42 U.S.C. § 1983 ("Section 1983"). (See Compl., ECF No. 1.)  Plaintiff seeks monetary damages and equitable relief.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint (hereafter, "Dismissal Motion"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (See ECF No. 7; see also Support Memo; Reply, ECF No. 10.) Plaintiff opposes the Dismissal Motion.  (See Opp'n., ECF No. 8.) After careful consideration, for the reasons stated herein, Defendants' Dismissal Motion is GRANTED and Plaintiff's Complaint is dismissed in its entirety.

## BACKGROUND

The parties and the Court are familiar with the extensive facts underlying the present litigation.  In the interest of brevity, only the proceedings relevant to the issues presented in the instant motion are discussed below.[2]

[Remainder of page intentionally left blank.]

---

[2]  For ease of reference, the Court cites to the Electronic Case Filing System ("ECF") pagination.

I.   Factual Background[3]

This action is one in a series of civil rights litigation brought by Plaintiff against the District concerning the education of A.K.  It arises out of an Interim Order issued by Internal Hearing Officer Jeffrey J. Schiro ("IHO Schiro") on September 14, 2021 compelling the District to apply for an age variance from the New York State Education Department ("NYSED") with regard to A.K.'s placement for the 2021-2022 academic year.  (See Interim Order dated September 14, 2021 ("Interim Order"), Ex. A, ECF No. 7-3, attached to Affirmation of Anne C. Leahey ("Leahey Aff.").)

The Interim Order was the result of Plaintiff's administrative due process complaint filed on June 18, 2021 against the District pursuant to the Individual with Disabilities Education Act ("IDEA").  (Id. at 4.)  The administrative complaint asserted that the District's Committee on Special Education ("CSE") had refused to file for an educational variance which would have facilitated A.K.'s placement in an existing 12:1+1 special class within the District's high school for the 2021-2022 school

---

[3] The facts set forth herein are taken from the Complaint and are accepted as true for purposes of the instant motion.  See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).  Additionally, a document may be considered on a motion to dismiss where the plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint."  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (emphasis omitted).

3

year. (Id. at 6.)[4]  Plaintiff made a motion for interim relief, requesting that the District be directed to apply to the NYSED for the age variance. (Id.)[5]  IHO Schiro granted Plaintiff's application for interim relief and ordered the District "to initiate an application for an age waiver to the [NYSED] with parental input." (Id. at 16.)

On October 1, 2021, the District submitted the age variance request to the NYSED, which included a 300-page addendum from Plaintiff, and on October 14, 2021, the NYSED denied the request. (See IHO Schiro Decision dated March 9, 2022, Ex. C, ECF No. 7-5, attached to Leahey Aff.)  Subsequently, on October 21,

---

[4]  At the time Plaintiff filed the administrative due process complaint, A.K. was 18-years-old, and the four alternately assessed students in the District's special class were each younger than 16-years-old. (See Interim Order at 7.)  According to state regulations, the age range in special classes for students with disabilities who are under 16 years of age "shall not exceed 36 months." 8 N.Y.C.R.R. § 200.6(h)(5). However, "[u]pon application and documented educational justification to the commissioner approval may be granted for variance from the . . . chronological age range." Id. § 200.6(h)(6).

[5]  During the CSE's June 2021 annual review of A.K.'s special education program, each CSE member stated that a 12:1+1 special class was the most appropriate to address A.K.'s academic, social, physical and management needs and goals. (See Interim Order at 7.)  The District asserted that it did not possess a suitable class for A.K. because the age range between A.K. and the youngest student in the District's 12:1+1 special class was 73 months. (Id. at 7-8.)  Plaintiff's request that the District seek an age variance from the NYSED to permit A.K. to participate in the District's 12:1+1 special class was denied by Dr. Ambrosini in light of the NYSED's prior rejection of a similar variance request for A.K. (Id. at 8.)

4

2021, Plaintiff filed another administrative due process complaint challenging the nature and manner in which the District filed the age variance application, and, similar to the instant Complaint, sought an equitable order compelling the District to file for a renewed age variance application. (Id. at 4.)[6] On March 9, 2022, IHO Schiro granted the District's motion to dismiss the amended complaint finding that on October 1, 2021, "the District complied with th[e] [Interim] Order." (Id. at 12.) IHO Schiro concluded that he did not possess jurisdiction to order the enforcement of the Interim Order, but found, "[a]lternatively, even if I were to conclude that I possess the necessary jurisdiction to enforce the September 14, 2021 Interim Order, I would find that the District complied with that Order." (Id. at 12.) Additionally, IHO Schiro found that the District's age variance request "was prepared in a manner consistent with the implementation directions given. . . ." (Id. at 13.)[7] Plaintiff filed an administrative appeal of IHO Schiro's dismissal which he subsequently withdrew. (See Apr. 1. 2022 Email, Ex. D, ECF No. 7-6, attached to Leahey Aff.)

---

[6] On November 24, 2021, Plaintiff filed an amended due process complaint which the District moved to dismiss. (Id. at 6.)

[7] IHO Schiro also noted that he had determined in a January 28, 2022 Findings of Fact and Decision in the initial administrative action that the program recommended in the June 2021 individualized education plan offered A.K. a free appropriate public education ("FAPE") in the least restrictive environment ("LRE"). (See Ex. C at 15.)

5

On October 10, 2021, Plaintiff filed an Article 78 proceeding in state court seeking to annul the NYSED's denial of Plaintiff's age variance request. (See Killoran v. N.Y.S. Dep't of Educ., Index No. 900723/22 (S. Ct. Albany Co. Aug. 17, 2022), Ex. E, ECF No. 10-1, attached to Reply) On August 17, 2022, the Honorable Richard Mott found that the NYSED's "conclusory denial [was] arbitrary and capricious as it fail[ed] to detail the reasons therefor or evince consideration of the parental addendum which the IHO directed be submitted." (Id. at 8.) He therefore granted Plaintiff's petition and annulled the NYSED's denial of the age variance application remanding the matter to the NYSED. (Id.)

On remand, the NYSED granted Plaintiff's age variance application for A.K. for the 2022-2023 school year. (See Mar. 6, 2023 Letter from NYSED, filed in Killoran v. WestHampton Beach Sch. Dist., No. 20-CV-4121, at ECF No. 58 (hereafter, "NYSED Letter").)[8] In its Letter, the NYSED notes that "[t]he [Court's]

---

[8] As discussed infra, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makaraova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010); Rosado-Acha v. Red Bull Gmbh, No. 15-CV-7620, 2016 WL 3636672, at *7 (S.D.N.Y. June 29, 2016) (in deciding a Rule 12(b) dismissal motion, taking judicial notice of documents that "were neither attached to nor incorporated by reference in Plaintiff's Complaint or Amended Complaint," but which were "pleadings" and "related documents that appear in the court records of prior litigation" and which related to the case before the court, of which a large number encompassed the court's

December 13, 2022 Decision and Order made clear that the Court deemed the October 1, 2021 application to have been 'effectively renewed' for the 2022-2023 school year."[9] (Id.) Therefore, the District was directed to convene its CSE to determine a placement recommendation for the remainder of the 2022-2023 school year. (Id. at 2.)[10]

## II. Procedural History

On April 6, 2022, Plaintiff filed his Complaint seeking an order from this Court "ensuring that an appropriate 'age variance application' is submitted to the State for review." (Compl., "Wherefore" clause.) He also seeks compensatory and punitive damages alleging that the District "sabotaged" the "age-variance application," and "acted in a manner intended to thwart the spirit, intent, and purpose of IHO Schiro's 'Order.'" (Id. ¶¶

---

"own orders," as well as its "own records in the same or an interrelated case").

Here, the Court takes judicial notice of the NYSED Letter that was filed by Plaintiff in one of his related actions before this Court, which Letter advised Plaintiff of the recent grant of his age variance application for the 2022-2023 school year. (See Killoran, No. 20-CV-4121, at ECF No. 58.)

[9] The NYSED requires that districts resubmit age variance requests yearly as they are limited in time and approved for only one school year. (NYSED Letter at 3.)

[10] According to the NYSED, the governing statute and regulations do not require, but rather, permit the District's CSE to recommend placement in the District's 12:1+1 special class. (NYSED Letter at 4 n. 5 (emphasis added).)

7

14, 33.)[11]  On June 20, 2022, Defendants filed the instant Dismissal Motion.  (ECF No. 7.)  Plaintiff filed his Opposition to the Motion on July 28, 2022.  (Opp'n., ECF No. 8.)  Defendants replied to the Opposition on August 25, 2022.  (Reply, ECF No. 10.)

DISCUSSION

I. Applicable Law

    A.    Legal Standard for Rule 12(b)(1) Motion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider materials beyond the pleadings.  See Morrison, 547 F.3d at 170.  Though the Court must accept the factual allegations contained in the Complaint as true, it will not draw argumentative inferences in favor of Plaintiff; subject matter jurisdiction must be shown affirmatively.  See id.  Additionally,

---

[11] In his Opposition and for the first time, Plaintiff seeks "back end" compensatory education damages. (See Opp'n. at 11.) However, a plaintiff "cannot amend h[is] complaint by asserting new facts or theories for the first time in opposition to [d]efendants' motion to dismiss." K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) (citation omitted); O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). In any event, because the Court finds that Plaintiff lacks standing to assert his claim, he is not entitled to any damages, including back end compensatory education damages.

"[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.[12]

  B.  Article III Standing

Article III of the U.S. Constitution restricts the jurisdiction of federal courts to actual cases or controversies. See Spokeo, Inc. v. Robins, 578 U.S. 330, 337 (2016) (citing Raines v. Byrd, 521 U.S. 811, 818 (1997)). Standing to sue, "a doctrine rooted in the traditional understanding of a case or controversy," "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Id. at 338 (citing Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982); Warth v. Seldin, 422 U.S. 490, 498-99 (1975)). "The hallmark of a case or controversy is the presence of adverse interests between parties who have a substantial personal stake in the outcome of the

---

[12] Though it is well-established that pleadings filed by pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), where, as here, an attorney is proceeding pro se, his pleadings are not entitled to the "special consideration which the courts customarily grant to pro se parties." Bazadier v. McAlary, 464 F. App'x 11, 12 (2d Cir. 2012) (internal quotation marks and citation omitted); see also Killoran v. Westhampton Beach Sch. Dist., No. 19-CV-3298, 2020 WL 4740498, at *4 (E.D.N.Y. June 24, 2020) ("[T]he Court takes notice that Plaintiff [Christian Killoran], although proceeding pro se, is a registered attorney.") report and recommendation adopted, 2020 WL 4743189 (E.D.N.Y. July 27, 2020).

9

litigation." Evans v. Lynn, 537 F.2d 571, 591 (2d Cir. 1975). "As standing is 'a limitation on the authority of a federal court to exercise jurisdiction,' it is properly addressed within the context of a Rule 12(b)(1) motion." City of N.Y. v. Milhelm Attea & Bros., 550 F. Supp. 2d 332, 340 (E.D.N.Y. 2008) (quoting All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 n.6 (2d Cir. 2006)). Therefore, to survive a defendant's Rule 12(b)(1) dismissal motion, a plaintiff must allege facts "that affirmatively and plausibly suggest that it has standing to sue." Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

To show Article III standing, a plaintiff must establish three things: (1) an "injury in fact — an invasion of a legally protected interest which is . . . concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) "a causal connection between the injury and the conduct complained of;" and (3) redressability of the injury "by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); see also Anjum v. J.C. Penney Co., Inc., No. 13-CV-460, 2014 WL 5090018, at *6 (E.D.N.Y. Oct. 9, 2014) ("Standing refers to the requirement that a plaintiff in federal court suffer a non-speculative injury-in-fact, traceable to the conduct of the defendant, and capable of redress by a favorable decision.")

10

II. Analysis

Defendants contend that Plaintiff fails to plead sufficient facts to establish each of the three elements of standing, and therefore his case should be dismissed for lack of subject matter jurisdiction. (Support Memo at 11-15. The Court agrees.

First, Plaintiff fails to allege a "concrete and particularized" injury in fact. Plaintiff's claim that the District "'sabotaged' the age-variance application" and "acted in a manner intended to thwart the spirit, intent, and purpose of IHO Schiro's Order," resulting in the application being "denied by the state" is speculative at best. (Compl. ¶¶ 14, 15 33.) See Anjum, 2014 WL 5090018, at *6 (stating that standing requires a plaintiff suffer a non-speculative injury-in-fact). Plaintiff fails to plead any facts demonstrating that the District filled out the variance application improperly or in defiance of IHO Schiro's Interim Order. In fact, in his Decision dismissing Plaintiff's administrative due process complaint against the District, IHO Schiro found that "the District complied with th[e] [Interim] Order, [as the variance application] was prepared in a manner consistent with the implementation directions given at the September 21, 2021 hearing." (Ex. C at 12.)

Further, the Court would be remiss if it did not address the fact that, once again, Plaintiff is requesting that this Court

11

direct the District's _placement_ of A.K. rather than ensure compliance with an administrative order or state regulations. (See Compl. ¶¶ 41, 44, 45) (alleging that "the CSE Chairperson refused to consider educating the plaintiff as a single student within his own 'special class' or a 'hybrid setting' because she was given an administrative directive/order by the . . . [D]istrict's former Superintendent not to do so.").) However, even with the NYSED's approval of the age variance, state regulations do not require, but rather, permit the District's CSE to recommend placement in the District's 12:1+1 special class. (See NYSED Letter at 3, n. 3) (noting that the IDEA vests authority with the District by its CSE to determine whether a recommended special education program and services constitutes a FAPE in the LRE).)

      _Second_, Plaintiff has not plead a causal connection between his alleged injury and the District's conduct. To satisfy standing, causation requires that "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." _Lujan_, 504 U.S. at 560 (quotations and alterations omitted). Here, admittedly, the NYSED's denial of the variance application was the cause of Plaintiff's alleged injury as Plaintiff appropriately sought relief by filing an Article 78 proceeding in state court. Finding the NYSED's denial of the variance request was "arbitrary and capricious," the state court

12

direct the District's _placement_ of A.K. rather than ensure compliance with an administrative order or state regulations. (See Compl. ¶¶ 41, 44, 45) (alleging that "the CSE Chairperson refused to consider educating the plaintiff as a single student within his own 'special class' or a 'hybrid setting' because she was given an administrative directive/order by the . . . [D]istrict's former Superintendent not to do so.").) However, even with the NYSED's approval of the age variance, state regulations do not require, but rather, permit the District's CSE to recommend placement in the District's 12:1+1 special class. (See NYSED Letter at 3, n. 3) (noting that the IDEA vests authority with the District by its CSE to determine whether a recommended special education program and services constitutes a FAPE in the LRE).)

    _Second_, Plaintiff has not plead a causal connection between his alleged injury and the District's conduct. To satisfy standing, causation requires that "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." _Lujan_, 504 U.S. at 560 (quotations and alterations omitted). Here, admittedly, the NYSED's denial of the variance application was the cause of Plaintiff's alleged injury as Plaintiff appropriately sought relief by filing an Article 78 proceeding in state court. Finding the NYSED's denial of the variance request was "arbitrary and capricious," the state court

12

granted Plaintiff's petition. (See Ex. E.) Thus, it has already been determined that Plaintiff's alleged injury was caused by the NYSED's denial of the variance application.

Finally, and most notably, Plaintiff's alleged injury cannot be redressed by a favorable decision from this Court, because it lacks the authority to force the District to resubmit the age variance application as Plaintiff requests. Additionally, as stated above, Plaintiff sought redress in state court by filing an Article 78 proceeding; moreover, the relief sought was granted on August 17, 2022, when Plaintiff's petition was granted. And crucially, upon remand from the state court, the NYSED granted Plaintiff's age variance application on behalf of A.K. for the 2022-2023 school year. (See NYSED Letter.) Thus, any alleged injury Plaintiff suffered from the NYSED's initial denial of the age variance request has been redressed by the appropriate party -- the NYSED. Hence, Plaintiff's request for relief from this Court would not remedy his alleged injury. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement.")[13]

---

[13] Furthermore, in light of the NYSED's issuance of the age variance for the 2022-2023 academic year, Plaintiff's claim before this Court is moot. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) ("If an event occurs while a case is

13

Therefore, as Plaintiff fails to establish any one of the requisite elements of standing, the Court lacks subject matter jurisdiction over Plaintiff's Complaint. Accordingly, Plaintiff's Complaint is dismissed.[14]

III. Leave to Amend

Although Plaintiff has not requested leave to replead, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.") Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

The Court has carefully considered whether leave to amend is warranted here. Though dismissals based on lack of standing should generally be without prejudice, see Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016), here, where the standing defect is unlikely curable, the Court denies Plaintiff

---

pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party," the case becomes moot and subject matter jurisdiction is lost.) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).

[14] Because the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, it is without jurisdiction to address Defendants' other arguments in support of dismissal.

14

leave to amend his Complaint.  See Cuoco v. Moritsugu, 222 F.3d 9, 112 (2d Cir. 2000) (holding that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint).

CONCLUSION

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that

1. Defendants' Dismissal Motion (ECF No. 7) is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

3. The Clerk of Court is directed to mail a copy of this Memorandum and Order to the Pro Se Plaintiff.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March 31, 2023
         Central Islip, New York